IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DAVID JAMES FOUGERE**                                                        **PLAINTIFF**

      v.        Civil No. 06-5193

**CAPTAIN HUNTER PETRAY;**
**DR. NEIL MULLINS; and**
**NURSE SUE McDONALD**                                                        **DEFENDANTS**

## O R D E R

    Now on this 10th day of March, 2008, come on for consideration the **Report And Recommendation Of The Magistrate Judge** (document #23), and defendants' **Objection To Report And Recommendation** (document #24), and the Court, having carefully reviewed said documents, and defendants' underlying **Motion For Summary Judgment** (document #18), finds and orders as follows:

    1.   Plaintiff alleges that while he was an inmate at the Benton County Detention Center ("BCDC") the defendants were deliberately indifferent to his serious medical needs, thus violating his right to be free from cruel and unusual punishment.

    2.   The Magistrate Judge reported that there was no basis for any claim against Captain Hunter Petray, and recommended granting the Motion For Summary Judgment as to that defendant. There is no objection to that recommendation, and the Court finds that it should be adopted.

    3.   With regard to defendants Dr. Mullins and Nurse McDonald, the Magistrate Judge reported that an issue of fact

existed as to whether they were deliberately indifferent to plaintiff's serious medical needs, because plaintiff did not receive any treatment for "stress or anxiety" between August 1, 2006, and September 27, 2006. He recommended that the Motion For Summary Judgment should be denied as to these defendants.

4.   Dr. Mullins and Nurse McDonald object, arguing that plaintiff has failed to show that his stress or anxiety "rose to the level of a serious medical need," and that being off prescription medication for two months is only a "delay" and not a "denial" of medical care.

The Court does not agree. Dr. Mullins' chart note of July 19, 2006, reported "some stress" and "I'll give him some Thorazine." According to **Physicians' Desk Reference**, **1995 Edition**, Thorazine is an antipsychotic medication with side effects including tardive dyskinesia, "a syndrome consisting of potentially irreversible, involuntary, dyskinetic movements," and neuroleptic malignant syndrome, a "potentially fatal symptom complex." Considering Thorazine's dangerous and potentially permanent side effects, the fact that Dr. Mullins prescribed it at all is some evidence that he recognized plaintiff's stress and anxiety as a serious medical need.

Dr. Mullins took plaintiff off Thorazine on August 1, 2006, not because his stress or anxiety had improved, but because plaintiff said the Thorazine was not helping. Plaintiff also

stated in Medical Requests that the Thorazine gave him the "shakes" and made him feel bad. However, rather than change his medication, Dr. Mullins refused to prescribe anything else for stress or anxiety. Refusal to treat can certainly be seen as denial rather than delay, especially when evaluating a motion for summary judgment.

Although plaintiff continued to complain of stress and anxiety, he states that Nurse McDonald refused several times to put him on the list to see Dr. Mullins, and told him repeatedly that BCDC did not provide mental health care. Although eventually, on September 27, 2006, Dr. Mullins prescribed Amitriptyline[1] for "acute anxiety and stress," there is no evidence that plaintiff received any medical care for stress or anxiety in the intervening two months.

The Court believes that, based on the foregoing, the trier of fact could reasonably conclude that Dr. Mullins and Nurse McDonald were deliberately indifferent to plaintiff's serious health need. That being so, the Court finds the Magistrate Judge's recommendation sound as it pertains to plaintiff's claims against Dr. Mullins and Nurse McDonald.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*, and the **Objections**

---

[1] An antidepressant sold under the trade name Elavil, according to Physicians' Desk Reference, 1995 Edition.

thereto are **overruled**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge**, the **Motion For Summary Judgment** is **granted in part and denied in part**.

The Motion is **granted** insofar as it seeks summary judgment in favor of Captain Hunter Petray, and plaintiff's claims against Captain Hunter Petray are hereby **dismissed**.

The motion is **denied** in all other respects, and this matter is **remanded** to the Magistrate Judge for further report and recommendation on plaintiff's claims against Dr. Mullins and Nurse McDonald.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**