IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID JAMES FOUGERE                                                                          PLAINTIFF

v.                                        Civil No. 06-5193

DR. NEIL MULLINS; and
NURSE SUE McDONALD                                                                        DEFENDANTS

### SHOW CAUSE ORDER

David James Fougere, the plaintiff in this case, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 6, 2006. He proceeds *pro se* and *in forma pauperis*.

By notice dated April 8, 2008 (Doc. 27), the case was scheduled for an evidentiary hearing on June 24, 2008, beginning at 10:00 a.m. in Fayetteville, Arkansas. An order directing the issuance of a writ of habeas corpus ad testificandum for Fougere was entered (Doc. 29). Fougere was at the time incarcerated in the Southern State Correctional Facility in Springfield, Vermont.

The scheduling order (Doc. 28) directed the parties to submit to the court thirty days prior to the scheduled hearing date an information sheet containing a list of witnesses they desired to call and a list of exhibits they intended to enter into evidence. Fougere was advised to provide the court with the following information with respect to each witness he wanted the court to issue a subpoena or writ for: (a) the name; (b) address; (c) identification (for example, former cell-mate); (d) prisoner number (if witness is a prisoner and number is known); (e) and brief description of expected testimony and length of time of expected testimony.

When the writ was received at the Southern State Correctional Facility, the United States Marshal Service was informed that Fougere would most likely be released from incarceration prior to the date of the scheduled hearing. On April 30, 2008, a member of the court's staff advised

-1-

Fougere by letter that if he was indeed released from prison prior to the evidentiary hearing, he would be responsible for arranging his own transportation to the hearing. Fougere was also advised that he needed to keep the court informed of his address and phone number. He was reminded that failure to do so could result in dismissal of his case. As he was proceeding *pro se* and *in forma pauperis*, Fougere was reminded the court would issue all writs and subpoenas on his behalf. He was there told he must file his response to the schedule order by no later than May 24, 2008.

The court received a letter from Fougere in which he stated his sentence would be up on May 20th but that he would be arraigned on other charges in White River Junction, Vermont, on May 13th. He asked how he could get the evidentiary hearing in this civil case put off for at least six months or until after his state criminal charges were disposed of. In response, Fougere was told he would need to file a motion for continuance of the evidentiary hearing. Fougere was reminded he needed to file his response to the scheduling order by May 24th. Further, Fougere was told to keep the court informed of any changes in his address.

To date, the court has received no further communications from Fougere. He has not requested a continuance of the evidentiary hearing. He has not filed his response to the scheduling order. **Fougere is given until June 20, 2008, to show cause why this action should not be dismissed based on his failure to respond to the court's scheduling order.**

IT IS SO ORDERED this 10th day of June 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)