IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID JAMES FOUGERE                                                        PLAINTIFF

v.                            Civil No. 06-5193

DR. NEIL MULLINS; and
NURSE SUE McDONALD                                                        DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, David James Fougere, filed this civil rights action pursuant to the provision of 42 U.S.C. § 1983 on October 6, 2006. He proceeds *pro se* and *in forma pauperis*.

Fougere contends he was denied adequate medical care while incarcerated at the Benton County Detention Center (BCDC). He was incarcerated at the BCDC from May 31, 2006, until January 1, 2007.

Fougere went from being incarcerated at the BCDC to being at the Arkansas Department of Correction. From there, he moved to the Southern State Correctional Facility located in Springfield, Vermont. Despite its distance from Arkansas and the fact that this was a civil case, the undersigned scheduled the matter for evidentiary hearing and issued a writ of habeas corpus ad testificandum. *Miles v. Evans*, 591 F. Supp. 623 (N.D. Ga. 1984)("[n]o litigant, including a pro se prisoner, has any absolute right to issuance of a writ of habeas corpus ad testificandum; issuance of such a writ lies in district court's sound discretion."). In the scheduling order issued on April 8th (Doc. 28), Fougere was told he must file an information sheet thirty days before the scheduled hearing date and for each witness he desired to call provide the court with the: (a) name; (b) address; (c) identification (for example, mother of plaintiff); (d) prisoner number (if

-1-

witness is a prisoner and number is known); and (e) very brief description of expected testimony and length of time of expected testimony). The hearing was scheduled for June 24, 2008, at 10:00 (Doc. 27).

The writ of habeas corpus ad testificandum was issued that same day (Doc. 29). The Southern State Correctional Facility then notified the United States Marshal Service that Fougere was going to be released from prison on May 11th. In response, a member of my staff wrote Fougere on April 30th. Fougere was advised that the court had been informed in response to the writ that he was going to be released from incarceration prior to the date of the scheduled hearing. As he would no longer be incarcerated, Fougere was told he would be responsible for his own transportation to the hearing. He was also advised to keep the court informed of his address and phone number (if he had a phone).

As he was proceeding *in forma pauperis* and *pro se*, Fougere was reminded the court would issue and serve all writs and subpoenas on his behalf. He was therefore told he **must file his response to the scheduling order by no later than May 24, 2008.** He was reminded of the information needed with respect to each proposed witness.

A letter was received from Fougere in which he said he would be done serving his initial sentence at the Southern State Correctional Facility on May 20th but he did not believe he would be released from incarceration because he would be arraigned on charges in Windsor County on May 13th. He indicated he wanted to take those charges to court. He asked if his court date in Arkansas could be put off at least six months until at least March 2009.

In response, a member of my staff wrote Fougere on May 6th. Fougere was informed that he would need to file a motion to continue the evidentiary hearing if he wanted the case continued. Fougere was told he should include in the motion the following information: (a) the

reasons he believed this civil case should be continued from its present setting; (b) the date he was being arraigned on the Vermont state criminal charges; (c) the charges he was being arraigned on; (c) how he knew he would be incarcerated following arraignment; (d) where he would be incarcerated; and (e) how he knew when he would go to trial on the state criminal charges.  Furthermore, Fougere was advised that **unless a motion to continue is granted, he must still comply with the court's scheduling order and supply the court with your list of proposed witnesses by no later than May 24, 2008.**

Fougere did not comply with the court's scheduling order.  The court received nothing further from Fougere.

On June 10th, the court entered a show cause order giving Fougere until June 20, 2008, to show cause why this action should not be dismissed based on his failure to respond to the court's scheduling order.  On June 16th, a member of my staff called the Southern State Correctional Facility and verified that Fougere was still incarcerated there and had never been released.  The staff member was told he is currently being held on a detainer.

Fougere responded to the show cause order on June 20th.  In his response, he simply stated that he has no witnesses or exhibits to enter into evidence other than the paperwork the court already has.  He also states he sent two letters to the court and believed he had already asked the court for a continuance of the evidentiary hearing.

The court simply does not believe in light of the several warnings that Fougere received that he reasonably believed he had filed a motion to continue or complied with the court's scheduling order. On May 6th Fougere was advised that he had to file a **motion for continuance *and* he must file a response to the court's scheduling order.**  He was told on April 8th that he

AO72A
(Rev. 8/82)

had to file a response to the scheduling order, he was reminded of this obligation on April 30th, and he was told again on this obligation on May 6th.

Fougere was at all times incarcerated at the Southern State Correctional Facility. He received all mail sent to him by the court. He has represented himself throughout this ligitation including successfully withstanding summary judgment on the denial of medical care claim. Fougere understood his obligation to the court. He simply chose not to comply.

I therefore recommend that this case be dismissed based on Fougere's failure to comply with the orders of the court. Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of June 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE