## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**DAVID JAMES FOUGERE**                                                    **PLAINTIFF**

       v.        Civil No. 06-5193

**DR. NEIL MULLINS; and**
**NURSE SUE McDONALD**                                                     **DEFENDANTS**

### O R D E R

Now on this 5th day of August, 2008, comes on for consideration the **Report And Recommendation Of The Magistrate Judge** (the "R&R") (document #33) and plaintiff's **Objections** thereto (document #35).

The R&R reports that plaintiff failed to provide the Magistrate Judge with pre-trial information called for in the Scheduling Order, in spite of multiple cautions and reminders that he needed to do so. It also reports that plaintiff failed to file a motion to continue although he had indicated a desire for continuance and had been told he would need to file a motion in order to have that request considered. The R&R recommends that plaintiff's case be dismissed for failure to comply with orders of the court.

Plaintiff responds that he thought he did not have to respond to the Scheduling Order if he did not have any evidence or witnesses, and that he should have been brought to court for trial on the appointed day if he had not sufficiently made a request for a continuance. The Court is not persuaded by this line of

reasoning. Plaintiff was required by the Scheduling Order to give certain information for "each witness you desire to call." This directive would include plaintiff himself, if he planned to be a witness, yet he did not supply the information. Plaintiff is not excused from compliance with court orders by his *pro se* status. **Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852 (8th Cir. 1996).**

Furthermore, if, as plaintiff asserts, he had no intention of calling any witnesses at all, there would seem to be no way he could prevail on his claim.

Plaintiff further contends that he seeks no money, only "for Benton County to have a mental health program for inmates." This statement, in the Court's view, moots plaintiff's claims for relief in this case. His claim against Captain Hunter Petray was his only avenue to relief as against Benton County, and that claim has been dismissed. His only remaining claim is a deliberate indifference claim against defendants Mullins and McDonald, and there is no possibility that the remedy -- if he were to prevail on that claim -- would be "a mental health program for inmates." It is a money damages claim, nothing more.

For all these reasons, the Court finds that the R&R is sound in all respects, and should be adopted, and defendant's Objections are without merit and should be overruled.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of**

**The Magistrate Judge** (document #33) is **adopted.**

**IT IS FURTHER ORDERED** that plaintiff's **Objections** (document #35) are **overruled.**

**IT IS FURTHER ORDERED** that this case is **dismissed with prejudice.**

**IT IS SO ORDERED.**

                                          **/s/ Jimm Larry Hendren**
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**